UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUISE KAM HAR LEE, | ) | No. CV 08-7531-RC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Louise Kam Har Lee filed a complaint on November 14, 2008, seeking review of the Commissioner's decision denying her application for disability benefits.  On April 24, 2009, the Commissioner answered the complaint, and the parties filed a joint stipulation on July 10, 2009.

**BACKGROUND**

**I**

On January 31, 2007, plaintiff applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, claiming an inability to work since December 2, 2006, due to Crohn's

disease.[1]  Certified Administrative Record ("A.R.") 71-78, 85.  The plaintiff's application was initially denied on April 12, 2007.  A.R. 50-54.  The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Jeffrey A. Hatfield ("the ALJ") on February 27, 2008.  A.R. 17-48, 58.  On May 20, 2008, the ALJ issued a decision finding plaintiff is not disabled.  A.R. 7-16.  The plaintiff appealed this decision to the Appeals Council, which denied review on September 16, 2008.  A.R. 1-6.

**II**

The plaintiff, who was born on November 2, 1950, is currently 59 years old.  A.R. 21, 71.  She has an associate certificate from Hong Kong, and previously worked as an integrated circuit layout designer.  A.R. 23-24, 86, 89.

Between April 24, 2006, and January 15, 2008, plaintiff received medical treatment at Kaiser Permanente.  A.R. 107-22, 141-91.  On April 24, 2006, Peter Sender, M.D., examined plaintiff, diagnosed her with Crohn's disease in remission, among other conditions, and noted plaintiff stated she had 2-3 normal stools per day, watery diarrhea and upper and lower abdominal cramps.  A.R. 141-46.  On November 17, 2006, Dr. Sender reexamined plaintiff, and noted plaintiff stated she

---

[1] Crohn's disease is "a chronic granulomatous inflammatory disease of unknown etiology, involving any part of the gastrointestinal tract from mouth to anus, but commonly involving the terminal ileum with scarring and thickening of the bowel wall; it frequently leads to intestinal obstruction and fistula and abscess formation and has a high rate of recurrence after treatment."  Dorland's Illustrated Medical Dictionary, 514 (29th ed. 2000).

had 2-3 normal stools per day, watery diarrhea, upper and lower abdominal cramps, nausea, vomiting and bloating, and Dr. Sender concluded plaintiff's condition was recurrent and poorly controlled with medication.  A.R. 150-53.  Dr. Sender next saw plaintiff on January 23, 2007, noting plaintiff now indicated she had 3-4 loose stools per day and watery diarrhea and upper and lower abdominal cramps, and Dr. Sender opined plaintiff's condition was worse and poorly controlled with medication.  A.R. 111-15, 158-60.  On November 15, 2007, Dr. Sender reexamined plaintiff and noted plaintiff stated she had 2 loose and normal stools per day; Dr. Sender opined that plaintiff's condition is now recurrent and well-controlled with medication, although plaintiff continued to complain of watery diarrhea and lower abdominal cramps, and her condition had been intermittent and severe for the past two years.  A.R. 185-88.

On July 6, 2006, Jennifer Wing-Yun Lam, M.D., examined plaintiff, diagnosed her with a lipid metabolism disorder, among other conditions, and noted plaintiff stated she had occasional diarrhea, no abdominal cramping, and had been exercising by line dancing twice a week.  A.R. 147-49.  On January 25, 2007, Dr. Lam opined that plaintiff "is unable to work for the next 12 months" because she complains of:  "frequent diarrhea with up to ten bowel movements a day[;] . . . worsening abdominal pain, gas, fatigue and weight loss despite being on medication for Crohn's disease[;] and . . . severe joint pain. . . ."  A.R. 107.  On February 2, 2007, Dr. Lam reexamined plaintiff, and noted plaintiff stated she had 3 bowel movements a day, sometimes loose and sometimes solid.  A.R. 116-20, 161-63.  On May 23, 2007, Dr. Lam again examined plaintiff, and noted plaintiff still

1 complained she goes to the bathroom 2-3 times a day, had diarrhea 4
2 times in the past month, felt she was getting flu-like symptoms along
3 with diarrhea, and has occasional joint pains.  A.R. 175-77.  On
4 August 20, 2007, Dr. Lam diagnosed plaintiff as having sciatica in
5 addition to Crohn's disease and her other conditions, and noted
6 plaintiff still complained of frequent Crohn's flare-ups and
7 associated joint pain, as well as pain in her left side, which may
8 have been the result of a back strain while doing yoga.  A.R. 181-84.

On April 6, 2007, Ursula Taylor, M.D., an internist, examined
plaintiff and diagnosed her with Crohn's disease, which appeared to be
mild.  A.R. 123-27.  Dr. Taylor opined plaintiff can lift, carry, push
and pull 20 pound occasionally and 10 pounds frequently, can stand and
walk for 6 hours out of an 8-hour day, and is otherwise not limited.
A.R. 127.  On April 12, 2007, nonexamining physician G.B. Huskey
similarly opined plaintiff can occasionally lift and/or carry up to 20
pounds, frequently lift and/or carry up to 10 pounds, can sit and
stand and/or walk for about 6 hours in an 8-hour day, and is otherwise
not limited.  A.R. 128-33.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to
review the Commissioner's decision denying plaintiff disability
benefits to determine if substantial evidence supports the
Commissioner's findings and whether the proper legal standards were
used in reaching the decision.  Vasquez v. Astrue, 572 F.3d 586, 591
(9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir.

4

2009).  "In determining whether the Commissioner's findings are supported by substantial evidence, [this Court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001).  "Where the evidence can reasonably support either affirming or reversing the decision, [this Court] may not substitute [its] judgment for that of the Commissioner."  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008); Vasquez, 572 F.3d at 591.

The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 404.1520.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities.  20 C.F.R. § 404.1520(c).

If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. § 404.1520(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. § 404.1520(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. (Step One). The ALJ then found plaintiff has the severe impairments of Crohn's disease and dry eye syndrome (Step Two); however, she does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). Finally, the ALJ determined plaintiff can perform her past relevant work; therefore, she is not disabled. (Step Four).

**IV**

A claimant's residual functional capacity ("RFC") is what she can still do despite her physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (RFC is "a summary of what the claimant is capable of doing (for example, how much weight he can lift)."). Here, the ALJ found //

plaintiff has the RFC to perform light work[2] with "a limitation to occasional climbing of ramps/stairs, balancing, stooping, kneeling and crouching, a preclusion from climbing ladders/ropes and crawling activities, restricted exposure to machines and heights and ready access to restrooms." A.R. 14. However, plaintiff contends the RFC assessment is not supported by substantial evidence because the ALJ did not properly consider her Crohn's disease and improperly found she was not a credible witness.

**A.  Crohn's Disease:**

Initially, plaintiff does not identify any evidence in the record inconsistent with the ALJ's RFC assessment.[3] See Jt. Stip. at 16:20-19:3. In fact, the ALJ specifically discussed plaintiff's Crohn's disease, noting that both treating and examining physicians "generally found [plaintiff's condition] benign" and concluding plaintiff's

---

[2] Under Social Security regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[3] The only evidence in the record that is clearly inconsistent with the RFC assessment is Dr. Lam's opinion of January 25, 2007, that plaintiff "is unable to work for the next 12 months[,]" and the ALJ rejected this opinion for several specific reasons, A.R. 11-13, which plaintiff does not challenge. Therefore, this opinion by Dr. Lam was properly not included in plaintiff's RFC assessment. See Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ need not incorporate properly rejected medical evidence into assessment of claimant's RFC).

7

Crohn's disease "appears controllable on Crohn's maintenance medication." A.R. 11-13. These findings are supported by substantial evidence, including the most recent opinion of Dr. Sender, who, upon examining plaintiff, found plaintiff's condition is well-controlled with medication. A.R. 185; see also A.R. 123-27, 141-91. Therefore, the ALJ did not err in determining plaintiff's RFC assessment. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005); see also Elletson v. Astrue, 319 Fed. Appx. 621, 622 (9th Cir. 2009) (Although [the claimant] suffers from Crohn's disease, the ALJ correctly noted that this condition was effectively controlled with medication, and [the claimant's] need for frequent bathroom breaks did not appear to prevent her from working full time."). The opinions of examining physician Dr. Taylor and nonexamining physician Dr. Huskey also provide substantial evidence supporting plaintiff's RFC assessment. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

**B.  Credibility:**

Once a claimant has presented objective evidence that she suffers from an impairment that could cause pain or other nonexertional limitations,[4] the ALJ may not discredit the claimant's testimony "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d

---

[4] "While most cases discuss excess pain testimony rather than excess symptom testimony, rules developed to assure proper consideration of excess pain apply equally to other medically related symptoms." Swenson v. Sullivan, 876 F.2d 683, 687-88 (9th Cir. 1989).

8

882, 885 (9th Cir. 2004). Thus, if the ALJ finds the claimant's subjective complaints are not credible, he "'must provide specific, cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citations omitted); Orn, 495 F.3d at 635. Furthermore, if there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Vasquez, 572 F.3d at 591 (9th Cir. 2009).

The plaintiff testified at the administrative hearing that she cannot work because she feels really tired and then gets dizzy and has headaches, and she has pain in her elbow if she cleans. A.R. 26-27, 33. She also stated that on a normal day, she has three to four bowel movements, A.R. 30-32, but sometimes it can be more, as she has diarrhea all the time. A.R. 28-29. As the plaintiff explained: "Like in one week, sometimes it happen[s] two days a week. Sometimes it happens every day and sometimes it happens more than ten times a day." Id. There is no pattern to her diarrhea, plaintiff stated, and she sometimes has accidents in public. A.R. 29-30. The plaintiff also testified she has lost weight due to her condition. A.R. 33-34.

Additionally, in a pre-hearing statement, plaintiff reported she feels very tired and hardly does anything because of frequent diarrhea, she has abdominal and joint pain and a rash on her face and body, she rests for 30 minutes out of every hour, and she feels dizzy

9

and nauseous after taking her medication. A.R. 91-93. The plaintiff noted she cannot climb stairs, she does not lift or carry anything because she has no strength in her arms and, on a good day, she might walk two blocks in 15 minutes, but then she has to lie down. A.R. 91-92. The plaintiff also indicated that she does not shop, clean, or do yard work because she is too weak, but she can drive a car for 10-20 minutes. A.R. 92-93. Finally, plaintiff stated that after a few minutes of using a computer, her eyes burn and she gets a headache. A.R. 93.

The ALJ found plaintiff was not a credible witness for several reasons, including that her "subjective complaints and alleged limitations are not consistent with the treatment she receives." A.R. 15. For instance, although plaintiff complained of abdominal and joint pain, the ALJ found plaintiff "does not take strong medication for pain[,]" A.R. 15, although she was prescribed muscle relaxants after straining her back doing yoga. A.R. 181-82, 185. The ALJ further found plaintiff's main complaint – her Crohn's disease – "has been stabilized and controlled with medication and she does not constantly present for treatment with complaints of active Crohn's disease." A.R. 15. Indeed, during Dr. Sender's most recent examination of plaintiff, he noted plaintiff's condition was "well controlled with current medication." A.R. 185. This "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra, 481 F.3d at 751; see also Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (Claimant's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative

treatment' that she received."); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ properly concluded claimant's excess pain testimony was not credible because, among other reasons, claimant's treating physician prescribed only conservative treatment, "suggesting a lower level of both pain and functional limitation").

The ALJ also found plaintiff was not credible because her complaints are inconsistent with the total medical record. A.R. 15. For instance, the ALJ found that plaintiff's testimony that she has 10 daily bowel movements and has lost substantial weight is "not consistent with her actual reports to her doctors as recorded in the treatment record[,]" noting:

> Those reports show that [plaintiff] reported that she generally averages 2-3 bowel movements per day. Despite the [plaintiff's] alleged weight loss and current weight of 112 pounds, no doctor has found her malnourished or underweight, advised her to gain weight, or placed her on supplements.

A.R. 13. The ALJ's rationale is supported by the opinions of both plaintiff's treating and examining physicians, who, as previously noted, generally catalogued plaintiff's Crohn's disease as "mild" and "well controlled with medication." A.R. 123-27, 144, 150, 158, 161, 175, 185. Moreover, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008); see also Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (ALJ properly rejected claimant's testimony, in part,

because her "allegations as to the intensity, persistence and limiting effects of her symptoms are disproportionate and not supported by the objective medical findings nor any other corroborating evidence."); Elletson, 319 Fed. Appx. at 622 ("The ALJ presented specific, clear, and convincing reasons for rejecting [the claimant's] testimony regarding the severity of her [Crohn's disease] symptoms, noting that her medical records indicated her condition was well controlled with medication."). Thus, "[t]he ALJ gave specific, clear and convincing reasons for discounting [plaintiff's] testimony."[5] Thomas, 278 F.3d at 959; Tommasetti v. Astrue, 533 F.3d 1035, 1037 (9th Cir. 2008).

V

"At Step Four, claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto, 249 F.3d at 845. "To determine whether a claimant has the [RFC] to perform [her] past relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then compare the demands with [her] present capacity." Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986); Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "This requires specific findings as to the claimant's [RFC], the physical and mental demands of the past relevant work, and the relation of the residual

---

[5] Having reached this conclusion, it is unnecessary to address the other reasons the ALJ provided for his negative credibility determination, such as plaintiff's daily activities.

12

functional capacity to the past work." <u>Pinto</u>, 249 F.3d at 845.

The ALJ found plaintiff retained the RFC to perform her past relevant work as actually performed or as generally performed. A.R. 15-16. However, plaintiff contends the ALJ's Step Four determination is not supported by substantial evidence because the ALJ improperly relied on incomplete and unsupported vocational expert testimony and did not meet his affirmative duty to inquiry of the vocational expert whether his testimony contradicts the Dictionary of Occupational Titles ("DOT").[6]

A claimant will be found "not disabled" when it is determined she retains the RFC to perform: "1. The actual functional demands and job duties of a particular past relevant job; or [¶] 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy." <u>Pinto</u>, 249 F.3d at 845 (quoting SSR 82-61, 1982 WL 31387, *2 (S.S.A.));[7] <u>see also</u> <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002) ("A claimant must be able to perform her past relevant work either as actually performed or as generally performed in the national economy.").

---

[6] The DOT is the Commissioner's primary source of reliable vocational information. <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1434 n.6 (9th Cir. 1995); <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1276 (9th Cir. 1990).

[7] As the Ninth Circuit has held, "SSRs, according to the governing regulations, 'are binding on all components of the Social Security Administration' and 'represent precedent final opinions and orders and statements of policy and interpretations' of the SSA." <u>Bray v. Astrue</u>, 554 F.3d 1219, 1224 (9th Cir. 2009) (quoting 20 C.F.R. § 402.35(b)(1)).

1  "Social Security Regulations name two sources of information that may
2  be used to define a claimant's past relevant work as actually
3  performed: a properly completed vocational report, SSR 82-61, and the
4  claimant's own testimony, SSR 82-41." Pinto, 249 F.3d at 845; Lewis,
5  281 F.3d at 1083; see also S.S.R. 82-62, 1982 WL 31386, *1, *3
6  (S.S.A.) ("The claimant is the primary source for vocational
7  documentation, and statements by the claimant regarding past work are
8  generally sufficient for determining the skill level[,] exertional
9  demands and nonexertional demands of such work.").
10
11      Here, plaintiff testified at the administrative hearing about the
12  duties of her past relevant work, and the ALJ relied on plaintiff's
13  testimony in determining plaintiff retains the RFC to perform her past
14  relevant work as actually performed. See A.R. 15-16.  More
15  specifically, plaintiff testified that she had, in the past, worked as
16  an integrated circuit layout designer for Raytheon, and that job that
17  required her to be seated all day and to use a computer; she sat all
18  day and wrote, typed, or handled small objects, with no lifting of
19  greater than 10 pounds, no standing, no walking, no climbing, no
20  stooping, no kneeling, no crouching, no crawling, no reaching, and no
21  handling, grasping or grabbing of big objects.  A.R. 86-87.  The
22  plaintiff testified that she performed that job until she took early
23  retirement.  A.R. 23-26, 41-42.  In determining plaintiff has the RFC
24  to perform her past relevant work as actually performed, the ALJ
25  relied on plaintiff's description of her job duties, as is allowed,
26  see, e.g., Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993)
27  (claimant's description of past work is considered highly probative);
28  Santiago v. Sec. of Health & Human Servs., 944 F.2d 1, 5 (1st Cir.

1991) (per curiam) ("The ALJ is entitled to rely upon a claimant's own description of the duties involved in her former job."), and based on plaintiff's description, the ALJ found plaintiff has the RFC to perform her past relevant work.[8]  See, e.g., Abreu v. Astrue, 303 Fed. Appx. 556, 558-59 (9th Cir. 2008) ("[Claimant's] testimony itself provides substantial evidence to support the ALJ's conclusion that [claimant] could perform his past relevant work as a customer service representative."); Giordano v. Astrue, 304 Fed. Appx. 507, 509 (9th Cir. 2008) ("It was . . . reasonable for the ALJ to conclude that [the claimant] could return to her past relevant work, given that [the claimant's] own description of her past jobs accommodated all of the limitations.").  For these reasons, plaintiff has not met her burden of demonstrating she is unable to perform her past relevant work.

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is denied; and (2) the Commissioner's decision is affirmed, and Judgment shall be entered in favor of defendant.

DATE:  January 27, 2010                /S/ ROSALYN M. CHAPMAN
                                       ROSALYN M. CHAPMAN
                                       UNITED STATES MAGISTRATE JUDGE

---

[8] "[B]ecause the ALJ's conclusion regarding [plaintiff's] previous work, as actually performed, is supported in the record, the Court need not consider [plaintiff's] objections to the ALJ's conclusions about [plaintiff's] previous work as generally performed in the national economy." McCormack v. Astrue, 2009 WL 839293, *4 (N.D. Cal.).  Thus, the Court will not address plaintiff's claim that the ALJ erred in relying on the vocational expert's testimony to conclude plaintiff retained the RFC to perform her past relevant work as generally performed.

R&R-MDO\08-7531.mdo
1/27/10